## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**ALBERT KNIGHT**

**VERSUS**

**TURNER INDUSTRIES GROUP, L.L.C.
ET AL.**

**CIVIL ACTION**

**NO. 23-00469-JWD-SDJ**

## RULING AND ORDER

This matter comes before the Court on two motions. The first is the *Motion to Dismiss Plaintiff's Intentional Tort Claim with Prejudice* ("*12(b)(6) Motion*") (Doc. 32) filed by defendants Methanex USA, LLC and Methanex Louisiana, LLC (collectively, the "Methanex Defendants"). Plaintiff Albert Knight ("Knight" or "Plaintiff") opposes the motion. (Doc. 37.) Methanex Defendants have filed a reply. (Doc. 40.) The second is the *Motion to Dismiss for Lack of Subject Matter Jurisdiction* ("*12(b)(1) Motion*") (Doc. 34) filed by defendant Turner Industries Group, LLC ("Turner" or "Turner Industries"). Plaintiff opposes the motion. (Doc. 38.) Turner Industries has filed a reply. (Doc. 39.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons Methanex Defendants' *12(b)(6) Motion* is granted, and Turner's *12(b)(1) Motion* is granted.

### I.     RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

#### A.  Incident

The following factual allegations are primarily taken from Plaintiff's *First Amended Complaint* (the "*Amended Complaint*"). (Doc. 30.) The well pled allegations are assumed to be true for purposes of this motion. *See In re Great Lakes Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) (citation omitted).

On or around February 4, 2023, Turner employed Plaintiff at the Methanex plant in Geismar, Louisiana. (Doc. 30 at 2.) Plaintiff and his crew attempted to install a 2,500-pound check valve at the plant. (*Id.*) Plaintiff climbed a scaffold to assist in the installation of the check valve while a crane positioned the valve "at a location six feet above the ground." (*Id.*)

As the crane was positioning the check valve, the valve slipped and crushed Plaintiff's hand. (*Id.*) Turner employed the crane's flagger, but the flagger was uncertified as a rigger and unqualified to guide the crane. (*Id.*) This made "the crane's operation extremely dangerous." (*Id.*) Plaintiff claims that Turner and Methanex Defendants knew that relying on an uncertified rigger presented an extreme hazard regarding the installation of the check valve but, nonetheless, "permitted the uncertified rigger to participate in the check-valve lift." (*Id.* at 2–3.)

Furthermore, upon information and belief, Methanex Defendants selected and approved the scaffold where the Plaintiff stood. (*Id.* at 3.) Additionally, Turner installed and approved the scaffold. (*Id.*) This scaffold was too small and left Plaintiff no means of escape when the check valve slipped, causing Plaintiff to sustain multiple broken bones in his left hand and injuries to his left shoulder. (*Id.*) Plaintiff claims he "sustained substantial mental and emotional damages from the incident." (*Id.*)

### B. Procedural History

On May 10, 2023, Plaintiff filed suit in the 19th Judicial Court for the Parish of East Baton Rouge, Louisiana, naming Methanex Defendants and Turner, among others. (Doc. 1-1 at 5.) On June 20, 2023, Methanex Defendants filed a *Notice of Removal* in response to Plaintiff's state court petition, bringing the action to this Court. (Doc. 1.) A week later, on June 27, 2023, Methanex Defendants filed their *Rule 12(b)(6) Motion to Dismiss Plaintiff's Intentional Tort Claim*, alleging failure to state a claim upon which relief can be granted. (Doc. 7.) On July 20, 2023, Plaintiff filed

a *Motion to Remand for Lack of Subject Matter Jurisdiction*. (Doc. 19.) Plaintiff argued that removal was improper because he and Turner were both Louisiana domiciliaries, thus defeating complete diversity. (*Id.* at 2.) On March 11, 2024, this Court denied the *Motion to Remand* and found that Turner was improperly joined. (Doc. 25.) This Court reasoned that Turner was improperly joined because The Louisiana Workers' Compensation Act's ("LWCA") exclusivity provision, Louisiana Revised Statutes § 23:1032, precluded Plaintiff from asserting negligence claims against Turner, and Plaintiff's attempt to assert intentional tort claims against Turner were meritless. (*Id.* at 10.) Since Plaintiff had no cognizable claims against Turner in state court, Turner was an improperly joined defendant, and removal by Methanex Defendants on diversity grounds was appropriate. (*Id.*) Also on March 11, 2024, this Court granted Methanex Defendants' *Motion to Dismiss*, but gave Plaintiff leave to amend. (Doc. 26.)

Plaintiff filed the *Amended Complaint* on April 8, 2024. (Doc. 30.) In response, Methanex Defendants filed their *12(b)(6) Motion* on April 22, 2024. (Doc. 32.) The next day, Turner filed its *12(b)(1) Motion*. (Doc. 34.) Plaintiff has filed oppositions to both motions. (Docs. 37, 38.) Replies were issued by Methanex Defendants and Turner. (Docs. 39, 40.)

## II.    LEGAL STANDARDS

### A.  Rule 12(b)(6) Standard

"To survive a [12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Hamilton v. Dall. Cnty.*, 79 F.4th 494, 499 (5th Cir. 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Iqbal*, 556 U.S. at 678).

"To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.' " *In re Great Lakes*, 624 F.3d at 210 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "In deciding whether the complaint states a valid claim for relief, we accept all well-pleaded facts as true and construe the complaint in the light most favorable to the plaintiff." *Id*. (citing *Doe v. MySpace, Inc*., 528 F.3d 413, 418 (5th Cir. 2008)). The Court does "not accept as true 'conclusory allegations, unwarranted factual inferences, or legal conclusions.' " *Id*. (quoting *Ferrer v. Chevron Corp*., 484 F.3d 776, 780 (5th Cir. 2007)). "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.' " *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (citing *Iqbal*, 556 U.S. at 679).

The Court's "task, then, is 'to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.' " *Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (quoting *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678)). "[A] claim is plausible if it is supported by 'enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct].' " *Calhoun v. City of Hous. Police Dep't*, 855 F. App'x 917, 919–20 (5th Cir. 2021) (per curiam) (quoting *Twombly*, 550 U.S. at 556).

Additionally, "[i]n determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Inclusive Cmtys. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 900 (5th Cir. 2019) (citations omitted).

4

**B.  Rule 12(b)(1) Standard**

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). A Rule 12(b)(1) motion raises the defense of lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(b)(1), "a claim is 'properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)). "A motion under 12(b)(1) should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Home Builders Ass'n*, 143 F.3d at 1010 (citing *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992)).

There are two forms of Rule 12(b)(1) challenges to subject matter jurisdiction: "facial attacks" and "factual attacks." *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). "A facial attack consists of a Rule 12(b)(1) motion unaccompanied by supporting evidence that challenges the court's jurisdiction based solely on the pleadings." *Harmouche v. Consulate General of the State of Qatar*, 313 F. Supp. 3d 815, 819 (S.D. Tex. 2018) (citing *Paterson*, 644 F.2d at 523). In considering a "facial attack," the court "is required merely to look to the sufficiency of the allegations in the complaint because they are presumed to be true. If those jurisdictional allegations are sufficient the complaint stands." *Paterson*, 644 F.2d at 523.

Whereas "[a] factual attack challenges the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings—such as testimony and affidavits—may be considered." *Harmouche*, 313 F. Supp. 3d at 819 (citing *Paterson*, 644 F.2d at 523). The "court is free to weigh the evidence and satisfy itself as to the existence of its power to

hear the case." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (citation omitted). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* When a factual attack is made, the plaintiff, as the party seeking to invoke jurisdiction, must "submit facts through some evidentiary method and . . . prov[e] by a preponderance of the evidence that the trial court does have subject matter jurisdiction." *Paterson*, 644 F.2d at 523.

III.    DISCUSSION

A.  Methanex Defendants' *12(b)(6) Motion* (Doc. 32.)

1. Parties' Arguments

a.  Methanex Defendants' Memorandum in Support (Doc. 32-1.)

In response to Plaintiff's *Amended Complaint*, Methanex Defendants argue that Plaintiff has failed to meet the requirements under Louisiana law for pleading intentional tort claims. (Doc. 32-1 at 1.) Using this Court's prior *Ruling and Order* (Doc. 26), particularly its discussion of *Populars v. Trimac Transportation*, No. 19-316, 2022 WL 2824660 (M.D. La. June 10, 2022) (deGravelles, J.), *aff'd sub nom. Populars v. Trimac Transportation, Inc.*, No. 22-30413, 2023 WL 20866 (5th Cir. Jan. 3, 2023) and *Walker v. Apple Studios Louisiana, LLC*, No. 23-168, 2024 WL 347893, at *4 (M.D. La. Jan. 30, 2024) (Dick, C.J.), Methanex Defendants argue that "this Court properly held that Plaintiff's intentional tort claim against Methanex Defendants was 'woefully inadequate.' " (*Id.* at 2–6 (citing Doc. 26. at 10).) They say that the *Amended Complaint* (Doc. 30) alleges the same knowledge of unsafe working conditions mentioned in Plaintiff's original state court *Petition* and that Plaintiff's claims fail to amount to an intentional tort pursuant to the *Populars-Walker* analytical framework. (*Id.* at 6–8.)

6

Methanex Defendants argue that because they "removed this case on the basis that Turner, Plaintiff's employer, was improperly joined as a defendant in light of the [LWCA] exclusivity provision," and that Plaintiff failed to adequately allege an intentional tort claim against Turner to overcome the exclusivity provision, this Court properly denied Plaintiff's *Motion to Remand*. (*Id.* at 8–12 (citing Doc. 25).) Methanex Defendants state that this Court's previous *Ruling and Order*, (Doc. 25 at 9–10), "held that even accepting Plaintiff's conclusory allegations regarding Turner's knowledge of unsafe conditions as true, these allegations at best amount to gross negligence, and do not constitute intent for the purposes of the LWCA." (*Id.* at 8–9.)

Turner filed a *Motion to Dismiss for Lack of Subject Matter Jurisdiction* immediately after the ruling on the *Motion to Remand*, but Plaintiff did not respond to this filing. (*Id.* at 9 (citing Doc. 28).) "Instead, nearly a month later, in response to this Court granting him leave to amend to cure the deficiencies in his intentional tort claim against Methanex Defendants, Plaintiff realleged his claims against Turner, including the intentional tort claim that this Court held was insufficient." (*Id.* (citing Doc. 30).) All of this, according to Methanex Defendants, reveals that Plaintiff is attempting "to circumvent this Court's remand denial and divest this Court of its proper jurisdiction." (*Id.*)

Citing *Cavallini v. State Farm Mutual Auto Insurance Co.*, 44 F.3d 256 (5th Cir. 1995), Methanex Defendants argue that "the Fifth Circuit has . . . recognized 'the general rule that removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it.' " (*Id.*) The court also rejected the argument that "after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction." (*Id.* (citing *Cavallini*, 44 F.3d at 264–65).) Therefore, Methanex Defendants assert that the Court

7

should ignore "Plaintiff's attempt to reallege claims against Turner . . . ." (*Id.*) In the alternative, Methanex Defendants aver that the intentional tort claim against Turner and Methanex Defendants should be rejected for the same reasons. (*Id.* at 10–12.)

### b.  Plaintiff's Opposition (Doc. 37)

Plaintiff argues that his *Amended Complaint* complies with Rule 8 by plausibly outlining Methanex's intentional role in connection with the accident and Plaintiff's injuries. (Doc. 37 at 5.) He claims he has properly pled an intentional tort under Louisiana law because sufficient facts are alleged in the pleading that reveal "that the incident 'was substantially certain to occur.' " (*Id.* (quoting *Rhine v. Bayou Pipe Coating*, 11-724 (La. App. 3d Cir. 11/2/11), 79 So. 3d 430, 440).) Plaintiff alleges that Methanex Defendants:

> (1) selected a scaffold that was too narrow for a worker to evade shifting equipment, (2) knew that lifted equipment, such as the 2,500-pound check valve involved in the incident, frequently moved or shifted during lifting, (3) knew that workers receiving the lifted equipment needed adequate room to remove themselves from the dangers of shifting equipment, and (4) knew that if an employee was left on a scaffold without adequate room to evade shifting equipment, the stranded worker would eventually be injured by the shifting equipment.

(*Id.*)  Plaintiff concludes that "[d]espite this knowledge, Methanex [Defendants] selected a scaffold that was too narrow." (*Id.*)

Plaintiff avers that these facts, when taken as true, comply with Rule 8's plausibility standard. (*Id.*) Plaintiff further claims that the circumstances made Plaintiff's injuries "inevitable." (*Id.* at 5–6.) Therefore, Plaintiff believes that the allegations in the *Amended Complaint* sufficiently notified the Defendants of the nature of the claims being brought against them. (*Id.* at 6.)

### c.  Methanex Defendants' Reply Memorandum (Doc. 40)

In response to Plaintiff's opposition, Methanex Defendants argue that Plaintiff "tellingly ignores" the controlling precedent cited in both this Court's previous ruling and Methanex

Defendants' instant *Motion to Dismiss*. (Doc. 40 at 4.) Methanex Defendants state that, as in Plaintiff's *Amended Complaint*, Plaintiff's *Opposition* relies on two cases featuring intentional torts "where (i) the employer knew of a virtually identical accident that occurred shortly before the accident in question . . . , and (ii) the injured employee complained to the employer about immediate danger and requested not to be put to a certain task or not returned to it . . . ." (*Id.* (citing first *Rhine v. Bayou Pipe Coating*, 11-724 (La. App. 3 Cir. 11/2/11), 79 So. 3d 430, then *Robinson v. North Am. Salt Co.*, 02-1869 (La. App. 1 Cir. 6/27/03), 865 So. 2d 98).) Methanex Defendants assert that allegations between these previous cases and the facts of this case are dissimilar. (*Id.*) They further reason that because this Court addressed the types of allegations that meet the standard of an intentional tort claim under Louisiana law, the Plaintiff ignored his Rule 11 obligations. (*Id.*)

They address Plaintiff's second *Opposition* to Turner's *Motion to Dismiss* which states that accepting his amended claims against Turner would not divest this Court of subject matter jurisdiction. (*Id.* at 5 (citing Doc. 38 at 4).) Methanex Defendants maintain that Turner remains improperly joined, that Plaintiff's amended allegations against Turner fail to amount to an intentional tort claim, and that this Court retains subject matter jurisdiction. (*Id.*)

## 2. Law and Analysis

After considering Plaintiff's *Amended Complaint* (Doc. 30), construing the allegations set forth in a light most favorable to Plaintiff, and drawing reasonable inferences in his favor, the Court finds that the *Amended Complaint* fails to allege facts sufficient to assert that an intentional tort occurred, *i.e.* either that Defendants consciously desired Plaintiff's injury or that Defendants knew the accident and injuries were substantially certain to occur.

An "intentional act" requires the actor to either (1) consciously desire the physical result of his act, whatever the likelihood of that result happening from his conduct;

or (2) know that the result is substantially certain to follow from his conduct, whatever his desire may be as to that result.

*Populars*, 2022 WL 2824660 at *5 (citing *Matthews v. Turner Indus. Grp., LLP*, 20-493 (La. 6/22/20), 297 So. 3d 723 (emphasis omitted) (quoting *Cole v. State Dep't of Pub. Safety & Corr.*, 01-2123 (La. 9/4/02), 825 So. 2d 1134, 1140 and *Bazley v. Tortorich*, 397 So. 2d 475, 481 (La. 1981))).

"The focus is on the consequences of the act rather than the act itself: 'Only where the actor entertained a desire to bring about the consequences that followed or where the actor believed that the result was substantially certain to follow has an act been characterized as intentional.' " *Walker*, 2024 WL 347893 at *4 (quoting *White v. Monsanto Co.*, 585 So. 2d 1205, 1208 (La. 1991)).

As this Court has recognized:

" 'Substantially certain to follow' requires more than a reasonable probability that an injury will occur and 'certain' has been defined to mean 'inevitable' or 'incapable of failing.' " [*Jasmin v. HNV Cent. Riverfront Corp.*, 94-1497 (La. App. 4 Cir. 8/30/94), 642 So. 2d 311, 312]. "[A]n employer's mere knowledge that a machine is dangerous and that its use creates a high probability that someone will eventually be injured is not sufficient to meet the 'substantial certainty' requirement." *Armstead v. Schwegmann Giant Super Markets, Inc.,* 618 So. 2d 1140, 1142 (La. App. 4 Cir. 1993), *writ denied*, 629 So. 2d 347 (La. 1993). "Further, mere knowledge and appreciation of a risk does not constitute intent, nor does reckless or wanton conduct by an employer constitute intentional wrongdoing." *Id.* (citing *Tapia v. Schwegmann Giant Supermarkets, Inc.*, 590 So. 2d 806, 807–808 (La. App. 4 Cir. 1991)).

*Populars*, 2022 WL 2824660 at *5 (quoting *Stanley v. Airgas-Sw., Inc.*, 15-274 (La. 4/24/15), 171 So. 3d 915, 916–17).

Additionally, "[t]he 'belie[f] that someone may, or even probably will, eventually get hurt if a workplace practice is continued does not rise to the level of intentional tort, but instead falls within the range of negligent acts[.]' " *Id.* at 6 (quoting *Dempster v. Lamorak Ins. Co.*, No. 20-95, 2020 WL 1984327, at *10 (E.D. La. Apr. 27, 2020) (quoting *Reeves v. Structural Pres. Sys.*, 98-

1795 (La. 3/12/99), 731 So. 2d 208, 214)).

> Even if the alleged conduct goes beyond aggravated negligence, and includes such elements as knowingly permitting a hazardous work condition to exist, knowingly ordering the claimant to perform an extremely dangerous job, or willfully failing to furnish a safe place to work, this still falls short of the kind of actual intention to injure that robs the injury of accidental character.

*Walker*, 2024 WL 347893, at *5 (quoting *Reeves*, 731 So. 2d at 210; and then citing *Micele v. CPC of La., Inc.*, 98-0044 (La. App. 4 Cir. 3/25/98), 709 So. 2d 1065 (noting that courts in Louisiana "have cautioned that the intentional tort exception should be narrowly construed, holding that mere knowledge and appreciation of a risk does not constitute intent; reckless or wanton conduct, gross negligence, disregard of safety regulations or the failure to use safety equipment by an employer does not constitute intentional wrongdoing") (citations omitted)).

> [E]ven an employer's knowledge that a situation is dangerous does not give rise to substantial certainty that injury will result. [*Williams v. Gervais F. Favrot Co.*, 573 So. 2d 533 (La. App. 4 Cir. 1991.), *writ denied* 576 So. 2d 49 (La. 1991)) (citing *Marino v. Martin's Oil Country Tubular, Inc.*, 06-898 (La. 6/23/06), 931 So. 2d 1089, 1090).] . . . Moreover, even knowledge that similar injuries have occurred in the past does not establish that injury is substantially certain to occur in the future, [*Snow v. Lenox Int'l*, 27,533 (La. App. 2 Cir. 11/1/95), 662 So. 2d 818, 820], and violations of safety standards are generally insufficient to fulfill the substantial certainty requirement. [*Reeves*, 731 So. 2d at 211.] An employer's failure to properly train an employee is insufficient to maintain an intentional tort claim, . . . as is the failure to use safety equipment by an employer. [*DelaHoussaye v. Morton Int'l Inc.*, 300 F. App'x 257, 258 (5th Cir. 2008) (citing *Micele*, 709 So. 2d at 1068)]. Likewise, "actions which lead to a 'high probability' of injury do not rise to the level of substantial certainty, and even where acts or omissions constitute gross negligence, the substantial certainty exception is not met." [*Chiasson v. Hexion Specialty Chems., Inc.*, No. 11-0959, 2012 WL 3683542, at *6 (E.D. La. Aug. 27, 2012) (quoting *Guillory*, 95 F.3d at 1327–28 (finding that even where some employees and supervisors were aware that several forks had detached from forklifts and some employees knew that subject fork had fallen off, the evidence established, at best, only negligence)).]

*Moore v. Circle K Stores, Inc.*, No. 23-312, 2024 WL 3897141, at *5 (M.D. La. Aug. 21, 2024).

11

The additional allegations made in Plaintiff's *Amended Complaint* are insufficient to plead an intentional tort. For instance, in the "Facts" section of his *Amended Complaint*, Plaintiff adds that "Turner and Methanex Defendants knew that having a rigger who was not certified presented an extreme hazard of the check valve being lifted improperly but permitted the uncertified rigger to participate in the check-valve lift." (Doc. 30 at 2– 3, ¶ 9.) Also, in the "Facts" section, he adds that "[a] crush injury will definitely happen when a worker is left on a scaffold without sufficient space to evade shifting equipment during crane lifts." (*Id.* at 3, ¶ 12.) Finally, in the "Claims" section of the *Amended Complaint*, Plaintiff adds the following sections regarding Methanex Defendants, with nearly identical provisions addressing Turner:

> The Methanex Defendants' actions sued hereupon made this incident substantially certain to occur. The dangerous nature and manner of work being performed made it substantially certain that the check valve would crush Plaintiff. Specifically, upon information and belief, the Methanex Defendants knew that heavy materials and equipment being lifted with a crane, such as the 2,500-pound check valve, frequently moved or shifted during lifting, and that the employees or contractors receiving the lifted materials needed adequate space to remove themselves from the dangers of shifting equipment. The Methanex Defendants also knew that if an employee or worker was stranded on a scaffold that did not have allow [sic] adequate space to evade shifting equipment, the stranded worker would eventually be injured by shifting equipment. Despite this knowledge, the Methanex Defendants selected and approved a scaffold that left Plaintiff and other workers insufficient room to evade shifting equipment, like the check valve involved in this incident.
> Injuries like the injuries sustained by Plaintiff were inevitable, given the substantial frequency with which equipment shifts during the aerial lift, and the scaffold selected by the Methanex Defendants being too small. The Methanex Defendants knew that it was only a matter of time before Plaintiff, or another worker, received crush injuries from lifted equipment shifting during a lift, where the person receiving the equipment had inadequate room to maneuver around the equipment because the scaffold was too narrow.

(*Id.* at 9–10, ¶¶ 28–29)

Plaintiff cites two cases in support of his argument that the *Amended Complaint* meets the pleading standard for alleging an intentional tort under Louisiana law. (Doc. 38 at 6.) In *Robinson*,

865 So. 2d at 101–104, a maintenance worker who was injured while repairing a conveyor belt brought an action alleging negligence and an intentional tort. The court held that the jury was not manifestly erroneous in determining that the accident was "substantially certain to occur" because not only was there evidence of unsafe working conditions, but there was also evidence that employees had complained of safety concerns which, had they been heeded, would have avoided the accident, and the supervisor refused to remedy those concerns. *Id.* at 108. In 79 So. 3d at 432, a decedent's wife brought an intentional tort claim against her deceased husband's employer after the worker died when caught between and pulled into rotating pipe and conveyor belt. The court held that the trial court did not err in finding an intentional tort because there was a nearly identical accident that occurred prior to the one in question, providing sufficient evidence that the accident was "substantially certain to happen." *Id.* at 439–440.

Unlike the facts in *Robinson* or *Rhine*, where there was evidence that supervisors had knowledge of circumstances that made an accident "substantially certain to follow," such as a nearly identical accident which had previously occurred or a supervisor's refusal to remedy safety concerns raised by employees, Plaintiff realleges mere knowledge of unsafe conditions. "Mere knowledge and appreciation of risk alone do not constitute intent." *Walker*, 2024 WL 347893 at *5 (citing *Williams*, 573 So. 2d 533). Furthermore, reckless or wanton conduct, gross negligence, and disregard of safety regulations or the use of safety equipment by an employer fail to satisfy the intentional wrongdoing requirement. *Tapia v. Schwegmann Giant Supermarkets, Inc.*, 590 So. 2d 806, 807–08 (La. App. 4 Cir. 1991) (citing *Williams,* 573 So. 2d 533). "[E]ven an employer's knowledge that a situation is dangerous does not give rise to substantial certainty that injury will result." *Walker*, 2024 WL 347893, at *5 (collecting cases).

13

Plaintiff's *Amended Complaint* mirrors his state court *Petition* in its reliance on legal conclusions such as stating that the accident was "inevitable" given the circumstances. (Doc. 30 at 3.) This Court "do[es] not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005) (citing *Southland Sec. Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004)). Therefore, this Court holds that Plaintiff fails to meet the pleading standard for alleging an intentional tort, and the intentional tort claims against Methanex Defendants will be dismissed.

## B. Parties' Arguments Regarding Turner Industries' 12(b)(1) Motion (Doc. 34.)

### 1. Parties' Arguments

#### a. Turner's Memorandum in Support (Doc. 34-1.)

In support of its *12(b)(1) Motion*, Turner argues that this Court previously determined that Turner was improperly joined when it denied Plaintiff's *Motion to Remand*. (Doc. 34-1 at 4.) Turner mentions that "this Court held that Plaintiff's *Petition* asserted no facts to support Turner's knowledge that 'this specific incident would occur,' as compared with the abstract harm—'an incident of this sort'—attendant to an unqualified crew." (*Id.* (citing Doc. 25 at 7–8).) Furthermore, and in conjunction with Methanex Defendants, Turner points out that Plaintiff cites to cases that this Court has previously distinguished on the grounds that those cases involved incidents where the employers were previously apprised of the precise harms alleged. (*Id.*) Turner concludes by averring that this Court's previous ruling determined that Plaintiff's allegations regarding Turner's knowledge of unsafe conditions "at best amount to gross negligence, and do not constitute intent for purposes of the LWCA." (*Id.* (citing Doc. 25 at 9–10).) Turner argues that the *Amended Complaint* should not alter this Court's previous analysis. (*Id.* at 4–5.)

Next, Turner contends that this Court should not consider the *Amended Complaint* because

the Fifth Circuit held that "the general rule that removal jurisdiction should be determined on the basis of the state court complaint at the time of removal, and that a plaintiff cannot defeat removal by amending it." (*Id.* at 5 (citing *Cavallini*, 44 F.3d at 264–265).) Also, Turner emphasizes that the Fifth Circuit "expressly rejected the argument that 'after a fraudulent joinder removal, a plaintiff may amend the complaint in order to state a claim against the nondiverse defendant, and thus divest the federal court of jurisdiction.' " (*Id.* (citing *Cavallini*, 44 F.3d at 265).) Accordingly, Turner urges that Plaintiff's attempt to reallege claims against it should not be considered. (*Id.*)

In the last section of its *Memorandum in Support*, Turner presents the same argument as Methanex Defendants as to why the intentional tort claims should be dismissed even if the allegations in the *Amended Complaint* are considered true. (*Id.* at 6–8.)

### b.  Plaintiff's Opposition (Doc. 38.)

In response, Plaintiff argues that adding a forum defendant would not divest this court of its removal jurisdiction. (Doc. 38 at 4.) Plaintiff argues that ordinarily, the forum defendant rule precludes removal and serves as a valid basis for remand "when a forum state defendant has been 'properly joined and served.' " (*Id.* (quoting *Evans v. Rare Coin Wholesalers, Inc.*, No. 09-259, 2010 WL 595653, at *2 (E.D. Tex. Jan. 28, 2010) (citing 28 U.S.C. § 1441(b))).) But "[b]ecause the Court held that Plaintiff was improperly joined at the time Methanex removed the case from state court, adding Turner, a forum defendant, afterwards would not divest this Court of subject matter jurisdiction." (*Id.* (citing *Gorman v. Schiele*, No. 15-790, 2016 WL 3583640 (M.D. La. May 20, 2016), *report and recommendation adopted*, No. 15-790, 2016 WL 3580669 (M.D. La. June 28, 2016) (holding that removal was proper because a forum defendant was not properly joined and served at the time of removal)).)

Plaintiff argues that because he "is a citizen of Texas, and none of the Defendants,

including Turner, are residents of Texas, the Court does have subject matter jurisdiction over this case—properly joining a forum defendant after removal does not divest the Court of that jurisdiction." (*Id.*) Finally, Plaintiff asserts that although he "respectfully disagrees with the Court's previous determination that Turner was improperly joined," Plaintiff urges that fixing any defects in his *Petition* would not deprive this Court of jurisdiction. (*Id.* at 4–5.)

### c. Turner's Reply Memorandum (Doc. 39.)

In response to Plaintiff's *Opposition*, Turner argues that Plaintiff "[a]t best . . . fundamental[ly] misunderstand[s] subject matter jurisdiction[,] and at worst, . . . deliberate[ly] attempt[s] to muddy the waters to circumvent prior rulings of this Court." (Doc. 39 at 1.) Turner points out that this Court has "already determined that Turner was improperly joined." (*Id.* at 1–2 (citing Doc. 25).) Turner concludes that due to the Court's previous determination that Plaintiff is a citizen of Louisiana, and the Court's correct finding that Turner was improperly joined, that the Court had diversity of citizenship jurisdiction. (*Id.* at 2.) Turner contends that Plaintiff is alleging for the first time in his *Opposition* that Plaintiff is a Texas citizen, and therefore diverse from all defendants. (*Id.* at n.2 (citing Doc. 38 at 4).) It points out that Plaintiff, both in his *Petition* and *Motion to Remand*, acknowledges that both Plaintiff and Turner are citizens of Louisiana. (*Id.* (citing Doc. 1; Doc. 19).) Turner states that "[t]he citizenship of improperly joined defendants is ignored for purposes of diversity jurisdiction." (*Id.* at 2 (citing *In re N&W Marine Towing, L.L.C.*, 90 F.4th 724, 732 (5th Cir. 2024)).) Turner further argues that "[w]hen a court determines that a non-diverse party has been improperly joined, that party must be dismissed without prejudice because the court lacks subject matter jurisdiction over those claims." (*Id.* (citing *Lundy v. ACE Am. Ins. Co.*, 674 F. Supp. 3d 326, 334 (M.D. La. May 30, 2023), as amended (Aug. 11, 2023)).)

Turner contends that the

dismissal without prejudice does not, as Plaintiff now suggests, give Plaintiff another chance to attempt to re-allege his claims before this Court. Instead, it is well-settled that after a fraudulent joinder removal (like this one), a plaintiff is not entitled to amend his complaint to attempt to state a claim against the non-diverse defendant (here, Turner) and divest the federal court of jurisdiction.

(*Id.* at 2 (citing *Cavallini*, 44 F.3d at 265).) It argues that "[a]ny such amendment would directly contradict the longstanding principle that subject matter jurisdiction must exist at the time of removal, based on the facts and allegations contained in the complaint." (*Id.* (citing *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).)

Turner finally contends that the forum defendant rule is inapplicable. (*Id.* at 3.) Turner argues that the forum defendant rule, which acts as another limitation on removal if defendants were properly joined, served, and were citizens of the state in which the action is brought, is a procedural rule rather than a jurisdictional rule. (*Id.* (citing *Tex. Brine Co., L.L.C. v. Am. Arb. Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020)).) Thus, it contends, "it can be waived if not invoked within 30 days after filing the notice of removal." (*Id.* (citing 28 U.S.C. § 1447(c); *In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 392 (5th Cir. 2009)).) According to Turner, the proper place to have raised the forum defendant rule was in his motion to remand. (*Id.*) Since Plaintiff did not raise the forum defendant rule in his motion to remand, Plaintiff's reliance on this rule has been waived. (*Id.* (citing Doc. 19).) Nevertheless, Turner finally urges that the forum defendant rule is irrelevant because this Court has already determined that Turner is an improperly joined party, making subject matter jurisdiction the sole issue. (*Id.*)

## 2. Law and Analysis

Preliminarily, the Court must determine whether it can consider the *Amended Complaint* for purposes of deciding if there is subject matter jurisdiction over Plaintiff's claims against

Turner.[1] While Methanex Defendants are correct that *Cavalini* does not require a court to consider an amended complaint that would divest the court of jurisdiction, *Cavalini* dealt with an addition of an entirely new claim to provide a basis for removal. 44 F.3d at 265. The Fifth Circuit said later in *Palmquist v. Hain Celestial Group, Inc.* that an amended complaint can " 'clarify' their already averred jurisdictional allegations after removal for purposes of an improper joinder analysis." 103 F.4th 294, 304 (5th Cir. 2024) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999); *Cavalini*, 44 F.3d at 265). Plaintiff initially pled an intentional tort claim against Turner, which this Court found lacked merit. (Doc. 1-1 at 8; Doc. 25 at 7–10.) The *Amended Complaint* sought to clarify the grounds for an intentional tort, not to allege a new claim. (Doc. 30 at 5–6.) Thus, the Court may consider the *Amended Complaint*, but for the following reasons, the Court lacks subject matter jurisdiction over any claims against Turner.

But this Court has already determined that Turner is an improperly joined party, so the forum defendant rule is irrelevant here. This is because Plaintiff failed to allege sufficient facts to assert the narrow intentional act exception to the LWCA's exclusivity provision, Turner was improperly joined as a defendant. (Doc. 25.) The citizenship of an improperly joined defendant is ignored for purposes of diversity jurisdiction. *See In re N&W Marine Towing*, 90 F.4th at 732. When a court determines that a non-diverse party has been improperly joined, that party must be dismissed without prejudice because the court lacks subject matter jurisdiction over those claims. *Lundy*, 674 F. Supp. 3d at 334.

Plaintiff makes the same intentional tort allegations against Turner that he made against Methanex Defendants. (Doc. 30 at 5–10.) For the reasons set forth above regarding the allegation

---

[1] Plaintiff purports to no longer contest the jurisdiction of this Court (Doc. 38 at 4) but takes this position based on a false premise: i.e. that Plaintiff is a resident of Texas and all of the defendants are domiciled in states other than Texas. (*Id.*) However, as stated below, he alleged in his original Petition (Doc. 1-1), Motion to Remand (Doc. 19 at 2) and Amended Complaint (Doc. 30 at 2, ¶ 4) that he is domiciled in Louisiana.

of an intentional tort, Plaintiff has failed to allege an intentional tort against Turner. The LWCA provides that workers compensation is an employee's exclusive remedy against an employer for injury, "[e]xcept for intentional acts." La. R.S. § 23:1032. Plaintiff has failed to allege an intentional tort against Turner and has thus failed to show that the LWCA does not preclude his claims. Therefore, Turner will be dismissed from this case for lack of subject matter jurisdiction.

## IV.   LEAVE TO AMEND

Plaintiff does not seek in the alternative another opportunity to amend. Should he do so, the Court will deny such request.

Federal Rule of Civil Procedure 15(a) "requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (cleaned up). But the Fifth Circuit has made clear that "[d]enying a motion to amend is not an abuse of discretion if allowing an amendment would be futile." *Id.* (citing *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)). An amendment would be deemed futile "if it would fail to survive a Rule 12(b)(6) motion." *Id.* (citing *Briggs*, 331 F.3d at 508). For the reasons given above, the Court believes that further amendment would be futile and therefore would deny leave to amend if it were requested. *See Apollo Energy, LLC v. Certain Underwriters at Lloyd's, London*, 387 F. Supp. 3d 663, 679 (M.D. La. 2019) (deGravelles, J.) (denying leave to amend when plaintiff should have had notice of issue from court's ruling on original motion to dismiss, and when further amendment would be futile); *Skinner v. Ard*, 519 F. Supp. 3d 301, 321–22 (M.D. La. 2021) (deGravelles, J.) (same); *Martin v. Roy*, No. 20-339, 2022 WL 894599, at *13 (M.D. La. Mar. 25, 2022) (deGravelles, J.) (same).

V.    CONCLUSION

Accordingly,

**IT IS ORDERED** that the *Motion to Dismiss Plaintiff's Intentional Tort Claim With Prejudice* (Doc. 32) filed by Methanex USA, LLC, and Methanex Louisiana, LLC, is **GRANTED**, and all intentional tort claims by Albert Knight against Methanex Defendants are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that *Motion to Dismiss For Lack Of Subject Matter Jurisdiction* (Doc. 34) filed by Defendant Turner Industries is **GRANTED**, and all claims by Albert Knight against Turner Industries are **DISMISSED WITHOUT PREJUDICE.**

Signed in Baton Rouge, Louisiana, on March 19, 2025.

_____

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**