UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ALBERT KNIGHT**

**CIVIL ACTION**

**VERSUS**

**NO. 23-469-JWD-SDJ**

**TURNER INDUSTRIES GROUP, LLC, ET AL.**

## RULING AND ORDER

This matter comes before the Court on the *Motion for Summary Judgment* (the "*Motion*") (Doc. 46) filed by Defendants Methanex Louisiana, LLC and Methanex USA, LLC (collectively, "Defendants" or "Methanex"). Plaintiff Albert Knight ("Plaintiff" or "Knight") opposes the *Motion*. (Doc. 50.) Defendants have filed a reply. (Doc. 51.) Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and the arguments and submissions of the parties and is prepared to rule. For the following reasons, the *Motion* is granted.

**I.     Relevant Background**

This case arises from a dispute concerning a workplace injury. On February 4, 2023, Knight was to install a check valve at Methanex's plant in Geismar, Louisiana (the "Geismar plant"). (*Statement of Undisputed Material Facts* ("*SUMF*"), Doc. 46-6 at ¶ 9.) He climbed a scaffold and prepared to perform the installation, when the 2,500-pound check valve allegedly slipped and fell, crushing Knight's hand. (Doc. 30 at ¶¶ 8–9.)

At the time of this incident, Knight was an employee of Turner Industries Group, L.L.C. ("Turner"). (Doc. 46-6 at ¶ 1.) Turner's employees were performing work in connection with a maintenance turnaround at the Geismar plant pursuant to the Main Mechanical Turn Around Agreement ("the Agreement"), which was a contract between Turner and Methanex. (*Id.* at ¶¶ 2–

3.) The Agreement was effective during the February 2023 turnaround and provided that Methanex would be the statutory employer of all Turner employees while they performed any work pursuant to the Agreement. (*Id.* at ¶¶ 2, 4–6; Doc. 46-4 at § 5.2.) Additionally, the Agreement stipulated that all work performed under the Agreement "shall be part of Methanex's trade, business and occupation, and shall be specifically considered an integral part of and essential to the ability of Methanex to generate its services, products and goods." (Doc. 46-6 at ¶ 6; Doc. 46-4 at § 5.2.)

On May 10, 2023, Plaintiff sued Methanex and Turner, among others, in the 19th Judicial District Court for the Parish of East Baton Rouge. (Doc. 1-1 at 5.) On June 20, 2023, Methanex removed the matter to this Court. (Doc. 1.) Methanex then filed its *Rule 12(b)(6) Motion to Dismiss Plaintiff's Intentional Tort Claim* a week later. (Doc. 7.) On July 20, 2023, Plaintiff filed a *Motion to Remand for Lack of Subject Matter Jurisdiction*. (Doc. 19.) The Court denied the *Motion to Remand* (Doc. 25) and granted Methanex's *Motion to Dismiss*. (Doc. 26.) The Court also gave Plaintiff leave to amend. (Doc. 26.)

Plaintiff filed his *Amended Complaint* on April 8, 2024, and named Turner and Methanex as the defendants. (Doc. 30.) Turner and Methanex filed motions to dismiss. (Doc. 34; Doc. 32.) The Court granted both motions and dismissed all claims against Turner and all intentional tort claims against Methanex. (Doc. 45.) Methanex subsequently filed the instant *Motion* seeking summary judgment on the remaining claims in this case. (Doc. 46.)

## II.    Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the initial burden and must identify 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

2

affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)).

However, "the movant 'need not *negate* the elements of the nonmovant's case.'" *Id.* (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). That is, "[a] movant for summary judgment need not set forth evidence when the nonmovant bears the burden of persuasion at trial." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 997 (5th Cir. 2019). "The moving party may meet its burden to demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Id.* (quoting *Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir. 2002)).

If the mover bears his burden of showing that there is no genuine issue of fact, his "opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [T]he nonmoving party must come forward with 'specific facts showing that there is a *genuine issue for trial.*'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87 (1986) (internal citations omitted). The non-mover's burden is not satisfied by conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).

Ultimately, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co.*, 475 U.S. at 587. Further:

> In resolving the motion, the court may not undertake to evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes; so long as the evidence in the record is such that a reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor, the court must deny the motion.

3

*Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991).

### III.   Discussion

#### A.   Parties' Arguments

##### 1.   Defendants' Memorandum in Support (Doc. 46-1)

To support their *Motion*, Defendants argue that summary judgment is warranted because Plaintiff's tort claims are subject to the statutory employer doctrine, and Louisiana state and federal courts routinely grant summary judgment motions in such cases. (Doc. 46-1 at 5.) The Louisiana Workers' Compensation Act (the "LWCA") provides the exclusive remedy against an employer and its principal when an employee suffers a work-related injury. (*Id.* at 6.) Thus, direct employers and statutory employers are immune from suits brought by employees seeking recovery for non-intentional torts. (*Id.*) A statutory employer relationship exists, as a matter of Louisiana law, "when, as here 'there is a written contract between the principal and a contractor [who] is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer.'" (*Id.* at 7 (quoting La. R.S. 23:1061(A)(3)).) Such a contract creates a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees. (*Id.*) "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." (*Id.* (quoting La. R.S. 23:1061(A)(3)).)

Defendants argue they are entitled to summary judgment because (1) the Agreement establishes a rebuttable presumption that Defendants are Plaintiff's statutory employer, and (2) there is no genuine issue of fact that the work Plaintiff was performing when he was injured was integral or essential to Defendants' ability to operate their plant. (*Id.*)

4

First, Defendants assert that Turner's employees were performing work and services at the Geismar plant pursuant to the Agreement between Turner and Methanex. (*Id.*) The Agreement specifically recognized Methanex as the statutory employer of Turner's employees. (*Id.*) Plaintiff's *Original Petition* and *First Amended Complaint* both state Plaintiff was a Turner employee at the time of the incident. (*Id.*) Defendants conclude that the Agreement therefore creates a rebuttable presumption of a statutory employer relationship between Methanex and Plaintiff. (*Id.* at 8.) They also assert that as a matter of law, Plaintiff cannot overcome this presumption. (*Id.*)

Then, Defendants claim the check valve installation Plaintiff was performing at the time of the incident was done in connection with a maintenance turnaround at the Geismar plant. (*Id.*) "The Fifth Circuit, this Court, and Louisiana state courts have uniformly held, as a matter of law, that turnaround maintenance work is an integral or essential part of a plant's operations." (*Id.* (listing cases in support).) Defendants argue this Court's ruling in *Carlin v. Rubicon LLC*, which stated the words "integral" and "essential" are to be liberally interpreted, supports Defendants' contention that Plaintiff's installation of the check valve was integral or essential to Defendants' ability to operate their methanol plant and generate their product. (*Id.* at 9 (quoting *Carlin v. Rubicon LLC*, No. 16-377, 2017 WL 6997891, at *1 (M.D. La. Dec. 4, 2017) (deGravelles, J.)).) Courts have found "much less significant activities," such as walking toward the break area, walking to retrieve tools, and going to a pre-job safety meeting, qualified as integral or essential. (*Id.* at 9–10 (citing cases in support).) Defendants assert that they are therefore entitled to judgment as a matter of law dismissing Plaintiff's remaining tort claims with prejudice. (*Id.* at 10.)

Finally, Defendants argue Plaintiff should not be allowed to delay summary judgment to seek discovery. (*Id.*) Defendants have established they "are entitled to judgment as a matter of law,

5

and no amount of discovery will produce a genuine issue of material fact sufficient to alter that outcome." (*Id.*)

### 2. Plaintiff's Response (Doc. 50-1)

For the most part, Plaintiff does not address the arguments set forth in Defendants' *Motion*. The only issue from the *Motion* that Plaintiff specifically discusses is whether the Court should delay ruling on the *Motion* to allow for discovery. Plaintiff requests such a delay and explains the need for the delay in the affidavit of Plaintiff's attorney James Long. (Doc. 50-3.)

Plaintiff argues the *Motion* is premature because he has been denied "an adequate opportunity to conduct essential discovery into the Defendants' statutory employer defense and direct negligence." (Doc. 50-1 at 1, ¶ 1.) Plaintiff also alleges he "has been unable to discover key evidence necessary to fully understand the operational relationship between" Defendants and Turner. (*Id.* at 1, ¶ 2.) "Additionally, Defendants have not produced evidence relevant to the applicability of the statutory employer defense, even upon request by Plaintiff." (*Id.*) Plaintiff claims "[s]pecific, discoverable facts," particularly those regarding Defendants' control over Turner and the work site, "plausibly exist and may create genuine issues of material fact as to the Methanex Defendants' liability." (*Id.* at 1, ¶ 3.)

Plaintiff argues Rule 56(d) of the Federal Rules of Civil Procedure supports denying the *Motion*. (*Id.* at 4.) Crucial evidence is allegedly within Defendants' exclusive control. (*Id.* at 5.) Plaintiff claims his ability to conduct meaningful discovery regarding this evidence has been delayed by Defendants' "extensive motion practice." (*Id.* at 5–6.) "The Rule 26(f) conference and all attendant discovery deadlines were delayed until the threshold motions were decided." (*Id.* at 6.) Plaintiff complains that he has been unable to depose witnesses, request documents, or uncover evidence that is in Defendants' possession. (*Id.* at 6–7.) "Key evidence, such as internal

6

maintenance records, safety protocols, employee training information, and other facts bearing on Defendants' knowledge and negligence," remains in Defendants' exclusive control. (*Id.* at 7.)

Summary judgment would be inappropriate due to the lack of discovery on the issues raised in Defendants' *Motion*. (*Id.*) "Facts detailing the actual nature of Methanex's operations and the specific work performed by [Plaintiff] could provide grounds to rebut" the presumption of statutory employment. (*Id.* at 9.) Plaintiff claims he cannot adequately respond to the *Motion* "until he has been given the opportunity to discovery [sic] probable facts that are crucial to scrutinizing" the statutory employer argument. (Doc. 50-3 at ¶ 4.) He also indicates his desire to conduct discovery that is specific to the merits of his claims. (Doc. 50-1 at 9–10.) He therefore asks this Court to deny or continue the *Motion* for an unspecified amount of time, "until Plaintiff has had a fair opportunity to obtain the material facts essential to justify his opposition under Rule 56(d)." (Doc. 50-3 at ¶¶ 3, 4.)

Plaintiff then explains what evidence he seeks through discovery. First, he wants the entirety of the Agreement and its assorted attachments, orders, and directives from Methanex to Turner regarding the February 2023 turnaround; Methanex's internal policies and procedures; documents on Methanex's control over Turner; and safety protocols during the turnaround. (*Id.* at ¶ 5.) Second, Plaintiff wants communications between personnel for Methanex and Turner regarding the valve installation. (*Id.*) Third, he requests "documentation defining Methanex's 'trade, business, or occupation'" and evidence demonstrating how Turner and Plaintiff's work was integral or essential to the generation of Methanex's goods, products, or services. (*Id.* at ¶ 6.) Finally, Plaintiff seeks testimony from Methanex personnel involved in negotiating and administering the Agreement; supervising, directing, or controlling Turner's work during the turnaround; and approving Turner's equipment or safety plans. (*Id.*)

7

Plaintiff claims all this information is within Defendants' exclusive control and is readily susceptible to collection through discovery. (*Id.* at ¶ 7.) Plaintiff previously requested the above-mentioned information from Defendants, but the request was rejected, and no information was produced. (*Id.* at ¶ 8.) "Without additional time to submit discovery requests and compel Defendants' production, Plaintiff would be unable to discover this information crucial to adequately responding to Defendants' claimed statutory defense." (*Id.* at ¶ 7.) For the above reasons, Plaintiff submits that the *Motion* should be continued or denied as premature.

### 3. Defendants' Reply (Doc. 51)

In reply, Defendants first note that Plaintiff did not address the substance of the *Motion* and failed to submit an opposing statement of material facts. (Doc. 51 at 3.) Thus, Defendants' *SUMF* should be deemed admitted for purposes of the *Motion* pursuant to this Court's Local Rule 56(f). (*Id.*) Defendants also assert that if Plaintiff's request for discovery is denied, the *Motion* must be granted, and Plaintiff's claims against them must be dismissed with prejudice. (*Id.* at 4 (relying on *Bourgeois v. Walmart Inc.*, No. 19-008, 2020 WL 1161928 (M.D. La. Mar. 10, 2020) (deGravelles, J.)).)

Defendants also argue that there are multiple reasons to deny Plaintiff's Rule 56(d) request. (*Id.* at 5.) First, Plaintiff's argument that he was unable to conduct meaningful discovery due to Defendants' extensive motion practice is incorrect. (*Id.*) The motions were all resolved in Defendants' favor and were necessitated by Plaintiff's improper joinder of his direct employer and improper assertion of intentional tort claims. (*Id.*) Additionally, Plaintiff was the one who moved to continue the Rule 26(f) conference after he filed his motion to remand. (*Id.*) The parties were ordered to contact the Court to set a scheduling conference once the remand issue was resolved. (*Id.* at 5–6.) Plaintiff has not done so since the Court denied his motion to remand on March 11,

8

2024. (*Id.* at 6.) His failure to diligently pursue discovery in this case requires the Court to deny Plaintiff's Rule 56(d) request. (*Id.*)

Second, Plaintiff completely fails to meet his burden of setting forth what facts he believes exist that will alter the outcome of the *Motion*. (*Id.*) Plaintiff has acknowledged that he cannot rely on "vague assertions that additional discovery will produce needed, but unspecified, facts." (*Id.* (quoting Doc. 50-1 at 3).) When a plaintiff has not identified specific facts that will likely be produced or has not explained how those facts will affect the resolution of the summary judgment motion, this Court "has repeatedly denied requests for discovery under Rule 56(d)." (*Id.* at 7 (citing cases in support).) Accordingly, because "Plaintiff's request fails to specify any fact that will influence the outcome" of the *Motion*, the Court should deny Plaintiff's Rule 56(d) request. (*Id.*)

Third, Plaintiff's requested discovery goes "well beyond" the statutory employer issue raised in the *Motion*. (*Id.*) Plaintiff admits the information he seeks is directed toward proving his tort claims against Defendants. (*Id.* at 8 (citing Doc. 50-1 at 10).) The *Motion*, however, presents the issue of whether Plaintiff is allowed to pursue tort claims against Defendants and does not reach the merits of the tort claims. (*Id.*) Plaintiff's only assertions regarding the issue raised in the *Motion* are vague and insufficient to satisfy Rule 56(d). (*Id.* at 9.)

Plaintiff has not set forth evidence that will create an issue of fact regarding whether his work at the time of the incident was integral or essential for Defendants to generate their products, so he has not met his burden. (*Id.*) Instead, Plaintiff has admitted that at the time of the incident, he was performing work in connection with the turnaround at the Geismar plant pursuant to the Agreement. (*Id.* at 9–10 (citing Doc. 50-1 at 7–8).) But he ignores the jurisprudence holding that as a matter of Louisiana law, "work performed in connection with a plant turnaround constitutes an integral or essential part of a principal's operations for purposes of the statutory employer

9

doctrine." (*Id.* at 10 (citing Doc. 46-1 at 8–9 (listing cases in support)).) Plaintiff has not and cannot set forth any facts that would change the outcome of the *Motion*, so the Rule 56(d) request must be denied and the *Motion* granted. (*Id.*)

    **B.**    **Applicable Law and Analysis**

        **1. Local Rule 56**

This Court's Local Rule 56 requires a party opposing a motion for summary judgment to "submit with its opposition a separate, short, and concise statement of material facts" that admits, denies, or qualifies the facts set forth in the moving party's statement of material facts. M.D. La. Local Rule 56(c). The opposing party must also specifically reference the paragraph number of each fact being admitted, denied, or qualified. *Id.* Additionally, the opposing party must support each denial or qualification with a citation to the specific page or paragraph of identified record material supporting their assertion that the fact is, in whole or in part, incorrect or untrue. M.D. La. Local Rule 56(c), (f).

Here, Defendants properly submitted a short and concise statement of facts they contend are undisputed and material to this case, each of which is set forth in separately numbered paragraphs and supported by citations to the record. (*See SUMF*, Doc. 46-6.) Plaintiff did not submit an opposing statement of material facts with his *Opposition*.

Local Rule 56(f) provides: "Facts contained in a supporting or opposing statement of material facts, if supported by record citations as required by this rule, shall be deemed admitted unless properly controverted." M.D. La. Local Rule 56(f). As explained above, Defendants properly supported their factual assertions with record citations, and Plaintiff failed to properly controvert them in accordance with the local rules. Therefore, unless Plaintiff can justify his failure

to controvert Defendants' supporting facts, the facts set forth in Defendants *SUMF* will be deemed admitted for summary judgment purposes.

### 2.  Rule 56(d) Request for Additional Discovery

The Court now addresses Plaintiff's request for additional time and discovery under Federal Rule of Civil Procedure 56(d). If a nonmovant "shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," the Court may take certain actions, including "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." *Bourgeois*, 2020 WL 1161928, at *2 (quoting Fed. R. Civ. P. 56(d)). "District courts have discretion to grant or deny a Rule 56(d) motion." *Id.* (citing *Am. Fam. Life Assur. Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013)). "Rule 56(d) motions for additional discovery are broadly favored and should be liberally granted because the rule is designed to safeguard non-moving parties from summary judgment motions that they cannot adequately oppose." *Id.* (internal quotation marks omitted) (quoting *Am. Fam.*, 714 F.3d at 894).

"Nevertheless, nonmoving parties requesting Rule 56(d) relief 'may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.'" *Id.* (quoting *Am. Fam.*, 714 F.3d at 894). "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion.'" *Id.* (quoting *Am. Fam.*, 714 F.3d at 894).

Here, Plaintiff avers that he has been denied an adequate opportunity to conduct essential discovery into Defendants' statutory employer defense and his tort claims against Defendants. (Doc. 50-1 at 1, ¶ 1.) According to Plaintiff, specific discoverable facts "plausibly exist and may

11

create genuine issues of material fact as to the Methanex Defendants' liability." (*Id.* at 1, ¶ 3.) Additionally, Plaintiff submits that facts "detailing the actual nature of Methanex's operations and the specific work" he performed could provide grounds to rebut the presumption of statutory employment. (*Id.* at 9.) However, Plaintiff has not satisfied his Rule 56(d) burden.

First, Plaintiff's affidavit vaguely asserts the types of evidence he wishes to gain through discovery, but it does not indicate what specific facts he expects to uncover from this evidence. (Doc. 50-3 at ¶¶ 5–6.) Plaintiff bears the burden to specify what discoverable facts he seeks and to explain how these facts, if produced, will influence the outcome of the pending *Motion*. *Bourgeois*, 2020 WL 1161928, at *2. He has not done so here.

Additionally, Plaintiff does not clearly explain how the evidence he seeks is related to or will affect the statutory employment question, which question is the sole focus of the *Motion*. His affidavit vaguely claims that without the requested discovery he will be unable to "adequately respond to" or "obtain factual information crucial to his response to" "Defendants' claimed statutory defense." (Doc. 50-3 at ¶¶ 4, 7–8.) This vague explanation is insufficient to justify granting Plaintiff's Rule 56(d) request.

Moreover, most of the evidence Plaintiff seeks appears to be related to the merits of his tort claims against Defendants rather than rebutting the statutory employer presumption. Because the tort claims are not currently at issue before the Court, it would be inappropriate to grant Plaintiff's Rule 56(d) request to allow him to propound discovery on those claims.

The Court also notes that, as argued by Defendants, it was Plaintiff who moved to continue the Rule 26(f) conference after he filed his motion to remand. (Doc. 23; Doc. 24.) Though the parties were ordered to contact the Court to set a scheduling conference once the remand issue was resolved, (Doc. 24) Plaintiff never did so although the Court denied his motion to remand on March

12

11, 2024. (Doc. 25.) The Court finds that Plaintiff's failure to diligently pursue discovery earlier is an additional reason to deny his Rule 56(d) request for discovery.

For all of these reasons, Plaintiff has failed to carry his burden such that his request for Rule 56(d) discovery must be denied. Under these circumstances, the Court deems the facts set forth in Defendants' *SUMF* are deemed admitted for summary judgment purposes.

### 3. Statutory Employer Relationship

Under the LWCA, employers are immune from non-intentional tort liability for injuries their employees suffer in the course and scope of employment. La. R.S. 23:1032. An employer may contract with a principal to undertake the principal's work, which is part of the principal's trade, business, or occupation. La. R.S. 23:1061(A)(1). The work of the employer/contractor "shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.* If the contract is written and recognizes the principal as a statutory employer, the principal will be presumed to be the statutory employer of the contractor's employees. La. R.S. 23:1061(A)(3). "This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services." *Id.* Under the LWCA, a statutory employer is afforded the same tort immunity as direct employers. La. R.S. 23:1061(A)(1). Therefore, if Methanex is Plaintiff's statutory employer, Plaintiff's claims are barred under the LWCA.

Under the Agreement, Turner is the contractor and Methanex is the principal. (Doc. 46-3 at 1.) Annex B1 to the Agreement, which sets forth the Agreement's general terms and conditions, provides:

> In accordance with the provisions of La. R.S. 23:1031 and 23:1061, Methanex and Contractor contract, stipulate and agree that Methanex shall, solely for workmen's

13

> compensation purposes, be the statutory employer of all Contractor employees and any employees of any Subcontractors (and any other person for whom the Contractor may be held responsible) while such persons are performing any Work in accordance with this Agreement. Methanex and Contractor contract, stipulate and agree that all Work performed under this Agreement shall be part of Methanex's trade, business and occupation, and shall be specifically considered an integral part of and essential to the ability of Methanex to generate its services, products and goods, which includes all Work provided by any Subcontractor or other person retained by Contractor for the performance of any Work under this Agreement.

(Doc. 46-4 at § 5.2.) This provision recognizes Methanex as the statutory employer of Turner's employees and designates the work done by said employees as "an integral part of and essential to the ability of Methanex to generate its services, products and goods." (*Id.*) It is undisputed that Plaintiff was an employee of Turner when he was allegedly injured at the Geismar plant. (Doc. 46-6 at ¶ 1.) And courts have historically found that maintenance or turnaround work, like the work Plaintiff was performing during the incident, is part of a plant operator's trade, business, or occupation. *See Salmon v. Exxon Corp.*, 824 F. Supp. 81, 85 (M.D. La. 1993) (Polozola, J.) (citing cases in support); *Thompson v. Georgia Pac. Corp.*, 993 F.2d 1166, 1169 (5th Cir. 1993) (noting maintenance performed during a turnaround was integral to a refinery's continued functioning) (citing *Harris v. Murphy Oil, U.S.A., Inc.*, 980 F.2d 991, 993 (5th Cir. 1992)); *King v. Debusk Servs. Grp., L.L.C.*, 2017-1577 (La. App. 1st Cir. 9/4/19), 2019 WL 4201475, at * 5 ("Work related to turnarounds has previously been recognized as being a normal part of a plant's operations that are essential to the plant's continued safe and efficient operations."); *Joseph v. Shell Chem. Co.*, No. 07-5489, 2009 WL 1789422, at * 5 (E.D. La. June 23, 2009) (noting that turnaround or maintenance work has been found to be an integral part of a refinery's ability to generate its good, products, or services); *Devers v. Rhodia, Inc.*, No. 03-0777, 2005 WL 8155427, at * 5 (M.D. La. Nov. 21, 2005) (Parker, J.) (stating repair/maintenance work has historically been considered part of a principal's trade, business, or occupation) (citing 6 H. Alston Johnson, III, *Workers'*

*Compensation Law and Practice* § 126, *in* 13 *Louisiana Civil Law Treatise* (2002); *Jones v. Francis Romero, Inc.*, 345 So.2d 1286, 1289 (La. App. 3d Cir. 1977)). Thus, Methanex is entitled to a rebuttable presumption that it is Plaintiff's statutory employer.

The burden then shifts to Plaintiff to rebut this presumption by demonstrating that the work he was performing when he was injured was not an integral part of or essential to Methanex's ability to generate its goods, products, or services. As discussed above, Plaintiff did not attempt to rebut this presumption, but instead, requested relief under Rule 56(d), which request was denied. The Court, therefore, finds that Plaintiff did not rebut the presumption of a statutory employer relationship between himself and Methanex. Accordingly, Methanex is entitled to tort immunity under the LWCA, and the *Motion* will be granted.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Summary Judgment* (Doc. 46) filed by Defendants Methanex Louisiana, LLC and Methanex USA, LLC is **GRANTED**. Consequently, all claims filed by Plaintiff Albert Knight are **DISMISSED WITH PREJUDICE**.

Signed in Baton Rouge, Louisiana, on February 26, 2026.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**